# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| § | **CASE NUMBER 6:23-CR-00105-JCB** |
| **v.** § | |
| § | |
| § | |
| **MONTY RAY JORDAN,** § | |
| § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 14, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Monty Jordan. The government was represented by Robert Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of offenses of Bank Robbery (Class B), Use or Carry of a Firearm During the Commission of a Crime of Violence (Class D), and Felon in Possession of a Firearm (Class B). The United States Sentencing Guideline range for this offense, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. On April 4, 2000, District Judge James Nowlin of the Western District of Texas sentenced Defendant to a total imprisonment term of 272 months followed by five years of supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare, financial disclosure, and monetary restitution. On July 19, 2019, Defendant completed his term of imprisonment and began his term of supervised release. Supervision was subsequently transferred to this district.

1

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 2 of its petition, the government alleges that Defendant violated the conditions of his supervised release when he submitted urine specimens that tested positive for marijuana on June 3, 2021, July 22, 2023, August 9, 2023, August 21, 2023, September 12, 2023, and September 14, 2023. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using marijuana, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 2 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 6 months imprisonment with no supervised release to follow. The sentence recommended by the government is a slight downward departure from the advisory guideline range due to Defendant's medical condition. After considering the parties' arguments, the court finds a slight departure appropriate due to Defendant's medical condition.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 6 months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that he serve his sentence at FMC Fort Worth, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 15th day of December, 2023.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE